UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 21, 2020

LETTER TO COUNSEL

RE: *Tylnne J. v. Commissioner, Social Security Administration*
Civil No. DLB-19-906

Dear Counsel:

On March 27, 2019, Plaintiff Tylnne J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 17 ("Pl.'s Mot."), ECF No. 18 ("Def.'s Mot."), ECF No. 19 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claims for benefits on August 24, 2010, alleging a disability onset date of September 1, 2004. Administrative Transcript ("Tr.") 195, 202. Her claims were denied throughout the administrative process, she sought judicial review, and this Court remanded her case on the grounds that the Administrative Law Judge ("ALJ") did not properly evaluate Plaintiff's residual functional capacity ("RFC"). Tr. 1166-70; Civil No. TJS-8:15-251. While her case was pending in court, Plaintiff filed a new application for Supplemental Security Income. Tr. 1293-1301. On remand, the Appeals Council vacated the July 2013 ALJ decision and remanded the case to the ALJ with instructions to consolidate the claims, create a single record, and issue a new decision on the consolidated claims. Tr. 1171-73. A second hearing was held on May 5, 2017 before an ALJ. Tr. 1103-34. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 1074-92. Plaintiff filed exceptions to the ALJ's decision with the Appeals Council, Tr. 1280-82, but the Appeals Council declined to assume jurisdiction, Tr. 1061-66. Therefore, the ALJ's decision constitutes the final, reviewable decision of the SSA. *See* 20 C.F.R. §§ 404.984(b), 416.1484(b).

The ALJ found, and Plaintiff's representative conceded, that "there [was] insufficient evidence of any severe impairments through the date last insured" of September 30, 2004. Tr. 1078. Therefore, the ALJ denied Plaintiff's claim for Disability Insurance Benefits at step two and continued the sequential analysis for Plaintiff's Supplemental Security Income claim. *Id.* The ALJ found that Plaintiff suffered from the severe impairments of "multiple hernias in abdominal/inguinal, status post

*Tylnne J. v. Commissioner, Social Security Administration*
Civil No. 19-906-DLB
April 21, 2020
Page 2

surgery for recurrent hernias, bipolar disorder, and depression." Tr. 1077. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; could stand or walk for a total of 2 hours in an 8-hour workday; could sit for a total of 6 hours in an 8-hour workday; could occasionally climb ramps or stairs; could never climb ladders, ropes or scaffolds; could occasionally balance, stoop, kneel, crouch, crawl; can constantly understand, remember and carry out instructions concerning simple, routine tasks, but not at a production rate pace (such as working on an assembly line); and can have occasional interaction with supervisors and coworkers, but no interaction with the public.

Tr. 1080-81. The ALJ found that Plaintiff did not have past relevant work. Tr. 1090. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 1091. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1091-92.

Plaintiff raises two primary arguments on appeal: (1) that the ALJ's failure to determine whether Plaintiff's somatoform disorder was a severe impairment at step two is reversible error; and (2) that the ALJ's RFC determination is not supported by substantial evidence. Pl.'s Mot. 10-25. I agree that the ALJ's failure to acknowledge Plaintiff's somatoform disorder requires remand. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to disability benefits is correct.

At step two, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment that meets the duration requirement." 20 C.F.R. § 416.920(a)(4). A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 416.921. An impairment is considered "severe" if it significantly limits the claimant's ability to work. 20 C.F.R. § 416.920(c). The claimant bears the burden of proving that her impairment is severe, *see Johnson v. Astrue*, Civil No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)), but need only make a threshold showing at step two that an "impairment or combination of impairments . . . significantly limits [her] physical or mental ability to do basic work activities" for the ALJ to continue the five-step sequential evaluation process, 20 C.F.R. § 416.920(c). An ALJ is required to discuss each impairment that is supported by objective medical evidence in the claimant's record. "Due to [step two's] minimal threshold, the finding that an impairment is not severe enough to proceed to step three requires a careful analysis of the medical findings and an informed judgment about the impairment's limiting effect on an individual's physical and mental abilities to perform basic work activities." *Albert v. Astrue*, Civil No. CBD–10–2071, 2011 WL 3417109, at *2 (D. Md. July 29, 2011).

On December 8, 2010, Plaintiff underwent a psychiatric consultative examination with Martha Merrion, Ph.D. Tr. 483-92. Dr. Merrion diagnosed Plaintiff with "a major depression; a somatoform

*Tylnne J. v. Commissioner, Social Security Administration*
Civil No. 19-906-DLB
April 21, 2020
Page 3

disorder[1] that is not otherwise specified; a learning disorder that is not otherwise specified (perhaps mental retardation or borderline IQ); and borderline/paranoid/obsessive compulsive personality traits." Tr. 489; *see also* Tr. 490 (listing "Major Depression," "Learning Disorder NOS," and "Somatoform Disorder NOS" under "AXIS I"; and "Borderline/Paranoid/Obsessive Compulsive Personality Traits" and "Rule Out Mental Retardation/Borderline IQ" under "AXIS II."). The ALJ did not evaluate Plaintiff's somatoform diagnosis at step two. *See* Tr. 1077-78.

This Court has held that an ALJ's failure to consider the severity of a diagnosis at step two is harmless where the ALJ corrects his error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG–14–1081, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015); 20 C.F.R. § 416.945(a)(2) (explaining that an ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC). Here, however, the ALJ did not consider the impact of Plaintiff's somatoform disorder in his RFC assessment. The ALJ discussed Plaintiff's depression and noted Dr. Merrion's "diagnosis of borderline/paranoid/obsessive compulsive personality traits," Tr. 1086-87, but the ALJ entirely failed to discuss or mention Plaintiff's somatoform diagnosis anywhere in the decision. Remand is required as a result. *See, e.g., Pile v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3603, 2016 WL 6238504, at *2 (D. Md. Oct. 25, 2016) (remanding where the ALJ "entirely failed to consider [Plaintiff's] vision-related diagnoses"); *Albert*, 2011 WL 3417109, at *3 ("It is evident that the ALJ did not properly evaluate Plaintiff's foot impairment as he provided no analysis of the issue. And if the ALJ did thoroughly analyze the specific impairment as he is required to do, he failed to share his findings with the Court."); *Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004) (finding that "the ALJ committed reversible error by failing to explain why she did not consider obesity an impairment, severe or not severe, at step two, and failed to consider the plaintiff's obesity at the remaining steps").

The Commissioner does not dispute that Dr. Merrion was an acceptable medical source who diagnosed Plaintiff with somatoform disorder. Def.'s Mot. 8. Rather, the Commissioner argues that remand is not warranted for several reasons, including because a "[d]iagnosis alone does not show that an impairment is severe"; the diagnosis alone does not show that the impairment met the applicable duration requirement; "the ALJ's evaluation of [Plaintiff's] mental impairments fully accounted for resulting work-related mental functional limitations supported by the evidence"; and

---

[1] Social Security regulations define "somatic symptom and related disorders" as:

> characterized by physical symptoms or deficits that are not intentionally produced or feigned, and that, following clinical investigation, cannot be fully explained by a general medical condition, another mental disorder, the direct effects of a substance, or a culturally sanctioned behavior or experience. These disorders may also be characterized by a preoccupation with having or acquiring a serious medical condition that has not been identified or diagnosed. Symptoms and signs may include, but are not limited to, pain and other abnormalities of sensation, gastrointestinal symptoms, fatigue, a high level of anxiety about personal health status, abnormal motor movement, pseudoseizures, and pseudoneurological symptoms, such as blindness or deafness.

20 C.F.R. Part 404, Subpt. P, App'x 1, § 12.00(B)(6)(a); *see also* § 12.07 (Listing for somatic disorder).

*Tylnne J. v. Commissioner, Social Security Administration*
Civil No. 19-906-DLB
April 21, 2020
Page 4

Plaintiff's complaints did not focus on somatoform disorder. *Id.* at 6-10. The Commissioner may be correct that sufficient reasons existed for finding that Plaintiff's somatoform disorder was not a severe impairment or that it did not limit Plaintiff's work-related abilities. However, the ALJ did not provide any explanation for dismissing the disorder. To credit the Commissioner's arguments would require the Court to supply the ALJ's missing rationale which it is not permitted to do. *See Carroll v. Colvin*, Civil No. TMD-14-921, 2015 WL 5008738, at *7 (D. Md. Aug. 20, 2015) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007)) ("The Court 'may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.'").

Plaintiff contends that the ALJ's failure to acknowledge Plaintiff's somatoform disorder at step two resulted in subsequent errors at step three and in the ALJ's RFC assessment. Pl.'s Mot. 12-14. Specifically, Plaintiff argues that the error led to the ALJ's failure to evaluate Plaintiff's somatoform disorder under the Listings at step three and to the ALJ's improper rejection of Dr. Merrion's opinion in the RFC assessment. *Id.* I agree that the ALJ's step-two error infected the remainder of the decision. *See Schoofield v. Barnhart,* 220 F. Supp. 2d 512, 518 (D. Md. 2002) ("Erroneous findings at step two usually infect the entire decision, since all of a claimant's impairments must be considered in combination at steps three, four and five."). The Court is unable to address these claims because the ALJ's lack of discussion and explanation leaves nothing to review.

Plaintiff's second argument further challenges the ALJ's RFC assessment. Plaintiff argues that the ALJ "rejected [her] allegations of disabling [lower back] pain based solely on the objective evidence of record" in contravention of *Lewis v. Berryhill* and the Social Security regulations. Pl.'s Mot. 24. In *Lewis*, the Fourth Circuit found that "the ALJ's determination that objective medical evidence was required to support [the plaintiff's] evidence of pain intensity improperly increased her burden of proof." 858 F.3d 858, 866 (4th Cir. 2017); *see also* 20 C.F.R. § 416.929(c)(2) ("[The ALJ] will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.").

The Commissioner argues that Plaintiff's argument ignores the entirety of the ALJ's decision. Def.'s Mot. 20. The Commissioner points to the ALJ's consideration of "evidence such as [Plaintiff's] statements regarding her need for a walker or of significant, adverse side effects from medication that were simply unsupported and indeed contradicted by the record." *Id.* The ALJ discussed Plaintiff's testimony that she required a walker and explained that "[t]he claimant's representative was invited to identify any evidence in the record to support the claimant's allegation that she is required to use a walker due to any physical issues," but that the representative only "pointed to a time when the claimant had just had an operation." Tr. 1084. The ALJ also noted discrepancies between Plaintiff's testimony that she experienced severe side effects from her pain medications and the record, which "does not document reports of continuous side effects" beyond some reports of fatigue in November 2015. Tr. 1085 (noting that "claimant had good energy level[s] and denied medication side effects on August 14, September 28 and November 5, 2015 and on February 22, August 9, and July 21, 2016"). The Court agrees with the Commissioner that the ALJ did not rely solely on the objective medical evidence and that the ALJ provided sufficient explanation for discrediting Plaintiff's subjective complaints of disabling back pain. However, given the ALJ's failure to discuss her somatoform disorder at any point in the decision, the Court will not decide, on the current record, whether the

*Tylnne J. v. Commissioner, Social Security Administration*
Civil No. 19-906-DLB
April 21, 2020
Page 5

ALJ's RFC assessment is supported by substantial evidence. Afterall, the regulations explain that symptoms of a somatic disorder may include, among other things, pain. *See* 20 C.F.R. Part 404, Subpt. P, App'x 1, § 12.00(B)(6)(a); *see also Shoofield*, 220 F. Supp. 2d at 521 (discussing the ALJ's "fail[ure] to recognize that the major, distinguishing characteristic of somatization disorder is the manifestation of physical symptomatology. . . . That failing raises the question as to whether the ALJ developed even a rudimentary understanding of the disease[.]").

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 17 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge